HENRY J. HOTCHKISS *vs.* JOSIAH W. WHITTEN.

Oxford. Opinion December 31, 1880.

*Poor debtor. Escape. Liability of jailer. Measure of damages. Bond.*

The jailer is liable for an escape if he permits a prisoner committed to jail on execution to go at large without giving a bond approved as required by R. S., c. 113, § § 24, 42. The mere sending for a bond not in accordance with the statute and its retention without suit upon it or any action in regard to it is not a waiver of its want of legal approval.

The appearance of the creditor's attorney, on a notice to disclose, at the time and place appointed, but refusing to choose a justice and protesting against the jurisdiction of the magistrates and against a discharge, is not a waiver of the escape, though he may examine the debtor.

For an escape of a poor debtor the creditor is only entitled to actual damages against the jailer. The true measure of damages is the value of the custody of the debtor at the time of the escape.

ON AGREED STATEMENT of facts.

The facts are sufficiently stated in the opinion.

*S. F. Gibson*, for the plaintiff, cited : Hilliard Rem. for Torts. 480 ; *Brooks* v. *Hoyt*, 6 Pick. 469 ; *Guilford* v. *Delaney*, 57 Maine, 589 ; *Ross* v. *Berry*, 49 Maine, 439 ; *Call* v. *Foster*, *Id.* 452 ; *Hackett* v. *Lane*, 61 Maine, 31 ; 47 Maine, 182 ; 29

Maine, 368; 36 Maine, 494; R. S., c. 113; *Leighton* v. *Pearson*, 49 Maine, 100; *Sargent* v. *Pomroy*, 33 Maine, 388.

The authorities cited abundantly show that the bond taken by the jailer in this case, if good at all, is only good at common law, and in a suit upon it the plaintiff would recover actual damages only. It was the duty of the jailer to have required a good statute bond. In a suit upon that the damages would be the amount of the judgment—debt, costs and interest. The true measure of damages in this case, then, is the difference between what would be recovered in a suit upon the two bonds —between nominal damages and the amount due on the execution from the debtor to the plaintiff.

*George A. Wilson*, for the defendant, cited: *Coffin* v. *Herrick*, 10 Maine, 126; *Hopkins* v. *Fogler*, 60 Maine, 266; *Dyer* v. *Woodbury*, 24 Maine, 546.

It is immaterial whether the bond is a statute or common law bond, as one of its conditions has been fulfilled.

APPLETON, C. J. This is an action on the case against the sheriff of the county, for the escape of Porter K. Etheridge, under R. S., c. 80 § 31.

It appears that Etheridge, the debtor, was committed May 20, 1878, to jail by virtue of an execution against him in favor of the plaintiff, and on June 12th, following, was permitted to go at large, on giving a bond signed by two sufficient sureties and approved by a justice chosen by the debtor and one chosen by the jailer, who without especial authority assumed to act for the creditor.

The bond was not approved in writing. The justices were not selected in accordance with R. S., c. 113, § § 24, 42. The creditor had no part in the selection of a justice. The bond was not a statute bond, though it may have been good at common law. *Guilford* v. *Delaney*, 57 Maine, 589.

The creditor had a right to require a statute bond. The jailer could not legally release the debtor without one. Here is an escape.

The plaintiff's attorney upon being informed of the debtor's discharge, sent for the bond, which was forwarded him. Had a

suit been brought on the bond it would have been a waiver of all objections to the taking of it, but no suit has been brought. *Kimball* v. *Preble et al.* 5 Maine, 353. Its return to the jailer would have been of no avail to him, as after a voluntary escape he would not have been justified in retaking the prisoner. *Atkinson* v. *Jameson*, 5 D. & E. 25. The mere retention of the bond under the circumstances is not equivalent to its written approval by the plaintiff or his attorney, or its approval by two justices selected according to the requirements of the statute.

The debtor having given the bond, notified the creditor to hear his disclosure. The attorney appeared but declined to choose a justice, when one was chosen by the sheriff. Then protesting against their jurisdiction he proceeded to examine the debtor and ended by protesting against the administration of the poor debtor's oath to him or issuing a certificate. Here, then, has been no waiver of the escape. That was a past fact. When a bond has been forfeited, a creditor's participation in the examination of the debtor after the expiration of the six months, does not constitute a waiver of the forfeiture. *Guilford* v. *Delaney*, 57 Maine, 589. So, where an action commenced before a magistrate has been continued without legal authority, no magistrate being present to continue it, an appearance at the time and place named, under protest, for the purpose of insisting that further proceedings would be illegal, cannot be regarded as a waiver of errors. *Martin* v. *Fales*, 18 Maine, 23. The action of the plaintiff's attorney was merely a prudent precaution against possible contingencies. *Briggs* v. *Davis*, 34 Maine, 158. Persistent protestation can hardly be deemed an approval of a bond wanting in the requirements of the statute.

The plaintiff is only entitled to the damages actually sustained. *Brooks* v. *Hoyt*, 6 Pick. 468 ; *West* v. *Rice*, 9 Met. 569 ; *Chase* v. *Keyes*, 2 Gray, 215. The true measure of damages is the value of the custody of the debtor at the time of the escape. *Loosey* v. *Orser*, 4 Bosw. 391.

That value is almost infinitesimally minute. The evidence satisfies us alike of the existing insolvency and utter poverty of the

debtor and of their probable continuance. The plaintiff is entitled to nominal damages.

*Judgment for plaintiff for one dollar.*

WALTON, BARROWS, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.